UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TERRY E. DeMARR,

          Petitioner,

v.

R.L. MORRISON,

          Respondent.

Civil File No. 06-3663 (PJS/AJB)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be transferred to the United States District Court for the District of Colorado, pursuant to 28 U.S.C. § 1631.

**I. BACKGROUND**

Petitioner is a federal prisoner incarcerated at the Federal Correctional Complex in Florence, Colorado, ("Florence-FCC"). He is serving a 64-month prison sentence that was imposed in February 2006, after he pleaded guilty to an undisclosed federal criminal offense in the United States District Court for the Western District of Wisconsin.

Petitioner is not presently challenging the validity of his criminal conviction, or the sentence he received. Instead, he is claiming that the federal Bureau of Prisons, ("BOP"), has not properly determined the date when he should be transferred to a community corrections center, ("CCC"), pursuant to 18 U.S.C. §§ 3621(b) and 3624(c). He is seeking a writ of habeas corpus that would compel the BOP to re-determine (and move up) the projected date

of his release to a CCC.

Petitioner apparently was confined at the Federal Prison Camp in Duluth, Minnesota, ("FPC-Duluth"), when he prepared his habeas corpus petition. However, by the time his current petition actually was mailed to the Clerk of Court for filing, he had been transferred to Florence-FCC.[1] Because Petitioner was incarcerated in Colorado when he filed his petition, the Court finds that this action cannot be entertained here in the District of Minnesota.

## II. DISCUSSION

It is well-settled that "[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court." United States v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977). See also Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974); Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977); Kills Crow v. United States, 555 F.2d 183, 189, n. 9 (8th Cir. 1977); McCoy v. United States Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976). It is also well-settled that, for habeas corpus purposes, the term "custodian" normally means the official in charge of the facility where the petitioner is detained -- i.e., the prison warden. McCoy, 537 U.S. at 964 ("[t]he custodian is, in most circumstances, the warden [or] chief administrative official of the correctional institution in which the petitioner is incarcerated").

Petitioner was confined at Florence-FCC when he filed his present petition, so the warden at that institution is considered to be his custodian, and the proper named

---

[1] It appears that Petitioner may have tried to file his petition in this District when he was still incarcerated at FPC-Duluth, but the petition was properly rejected by the Clerk of Court, because it was not accompanied by the required filing fee or an application to proceed in forma pauperis, (IFP). See 28 U.S.C. § 1914(a); Local Rule 4.2(a) and (c).

Respondent for federal habeas corpus purposes. The warden at Florence-FCC obviously is not located in this District, so he or she is not subject to personal jurisdiction in this District. Monteer, supra.

Because neither Petitioner nor his custodian were located in this District when Petitioner filed his current habeas corpus petition, the petition cannot properly be entertained in this District. United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987) (habeas corpus petition was not properly filed in the Eastern District of Missouri, because petitioner was not confined in that district at the time); Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994) (district court correctly concluded that it lacked jurisdiction to hear habeas petition challenging the manner in which petitioner's sentence was being executed, because petitioner was confined in a different district); Schmitt v. Brennan, No. 94-1558 (8th Cir. 1994), 1994 WL 517256 (unpublished opinion) at *1 (district court lacked jurisdiction to entertain 2241 habeas corpus petition challenging the execution of petitioner's sentence, because petitioner "did not... file the action in the district in which he was then confined").

While this action could be dismissed (without prejudice) for lack of jurisdiction, the Court finds that the interests of justice would be better served by transferring this matter to the proper district pursuant to 28 U.S.C. § 1631.[2] It is therefore recommended that the Clerk of

---

[2] 28 U.S.C. § 1631 provides that:

"Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall

Court be directed to transfer this case to the District of Colorado, where both Petitioner and the proper Respondent, (the warden at Florence-FCC), are located. After the matter has been transferred, the transferee court can then determine (a) whether Petitioner's current custodian should be substituted for R.L. Morrison as the named Respondent, (b) whether Petitioner's application for leave to proceed in forma pauperis, (Docket No. 3), should be granted, and (c) whether Respondent should be required to file a response to Petitioner's habeas corpus petition.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

The Clerk of Court be directed to transfer this case to the United States District Court for the District of Colorado.

Dated: September 12, 2006        s/ Arthur J. Boylan
                                 ARTHUR J. BOYLAN
                                 United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 27, 2006.

---

proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."